UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
——

| | | |
|---|---|---|
| STEVEN LEE THOMAS, # 728285, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:12-cv-815 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JOHN PRELESNIK, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

  This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner seeks federal habeas corpus relief from his plea-based conviction and sentence.

  Petitioner was charged with armed robbery, unlawful imprisonment, third-degree criminal sexual conduct, and being a habitual offender, second felony offense. (ECF No. 10). On October 11, 2010, petitioner, then represented by Trial Counsel, appeared in Oceana County Circuit Court and entered his guilty plea pursuant to a plea agreement. Petitioner pleaded guilty to the crime of third-degree criminal sexual conduct and being a second habitual offender. In exchange this plea, the prosecutor agreed to drop the armed robbery and unlawful imprisonment charges. Further, there was an agreement that petitioner would receive a sentence of 7 to 22 ½ years' imprisonment on the criminal sexual conduct conviction. (ECF No. 13). Thus, by pleading guilty, petitioner was not only able to avoid a potential life sentence for armed

robbery, *see* Mich. Comp. Laws § 750.529, he was able to secure a sentence within the defined range specified in the plea agreement. On November 8, 2010, Judge Terrence Thomas sentenced petitioner in accordance with the plea agreement.

Petitioner asks this Court to overturn his conviction based on four grounds that the circuit court rejected for lack of merit when it denied petitioner's motion for post-conviction relief::

I. The trial court violated petitioner's constitutional rights when it failed to conduct a competency hearing.

II. Petitioner's plea was not knowing and voluntary because the trial court judge violated MCR 6.302(A)-(E), which requires that the defendant be placed under oath before the court determines that the defendant understood his rights and voluntarily waived them.

III. Petitioner's due process rights were violated because the trial court judge failed to elicit a factual basis for petitioner's guilty plea.

IV. Petitioner's Sixth Amendment right to the effective assistance of counsel was violated where counsel failed to request a competency hearing and counsel misrepresented the DNA evidence.

(Petition ¶ 14, ECF No. 1, PageID.5-10). Respondent filed his answer to the petition. (ECF No. 9). Respondent argues that the petition should be denied because petitioner has not carried his burden in Ground I of proving that he was not competent when he entered his guilty plea, much less his burden under 28 U.S.C. § 2254(d); petitioner's Ground II and III raise issues of state law, which do not provide a basis for federal habeas corpus relief; and in Ground IV petitioner has not overcome the "doubly deferential" standard applicable to the state court decision rejecting petitioner's claims of ineffective assistance of counsel.

District Judge Robert Holmes Bell has referred the matter to me for all purposes, including the issuance of a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2254 Cases in the District Courts. After review of the state-court record, I conclude petitioner has not established grounds for federal habeas corpus relief. Petitioner has not shown that the state court decision rejecting all grounds raised in the petition "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). I recommend that the petition be denied for lack of merit. I also recommend that petitioner be denied a certificate of appealability.

## Standard of Review

Because petitioner filed his habeas application long after the April 1996 enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA), the provisions of that law govern the scope of the Court's review. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands the state court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (citations omitted); *see Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (*per curiam*); *Felkner v. Jackson*, 562 U.S. 594, 597 (2011) (*per curiam*); *Renrico v. Lett*, 559 U.S. 766, 773 (2010). "AEDPA requires heightened respect for

state court factual and legal determinations." *Lundgren v. Mitchell*, 440 F.3d 754, 762 (6th Cir. 2006). Section 2254(e)(1) states: "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "State-court factual findings [] are presumed correct; the petitioner has the burden of rebutting the presumption by clear and convincing evidence." *Davis v. Ayala*, 135 S. Ct. 2187, 2199-2200 (2015) (citations and internal quotations omitted).

If a state court adjudicated the claim, deferential AEDPA standards must be applied. 28 U.S.C. § 2254(d); *see Premo v. Moore*, 562 U.S. 115, 121 (2011); *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Holder v. Palmer*, 588 F.3d 328, 341 (6th Cir. 2009) (("[A]ny claim that was adjudicated on the merits in State court proceedings' is subject to AEDPA deference.") (quoting 28 U.S.C. § 2254(d)). AEDPA prevents federal habeas "retrials" and ensures that state court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). It prohibits "using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (*per curiam*).

The AEDPA standard is difficult to meet "because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011); *see Burt v. Titlow*, 134 S. Ct. 10, 16 (2013); *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). "Section 2254(d) reflects the that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for

ordinary error corrections through appeal." *Harrington*, 562 U.S. at 102-03 (citation and internal quotation omitted); *see Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). Section 2254(d) states that an application for a writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see White v. Wheeler*, 136 S. Ct. 456, 460 (2015); *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *Davis v. Ayala*, 135 S. Ct. at 2198.

The only definitive source of clearly established federal law for purposes of § 2254(d)(1) is the holdings—not dicta—of Supreme Court decisions. *White v. Woodall*, 134 S. Ct. at 1702; *see Woods v. Donald*, 135 S. Ct. at 1377 ("Because none of our cases confront 'the specific question presented by this case,' the state court's decision could not be 'contrary to' any holding from this Court."). "[W]here the precise contours of a right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *Id.* (quotations and internal citations omitted).

An unreasonable application of the Supreme Court's holding must be "'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)).

Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. at 103). "[C]ircuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,' " and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Hill v. Curtin*, 792 F.3d 670, 677 (6th Cir. 2015) (quoting *Parker v. Matthews*, 132 S. Ct. at 2155); *see Glebe v. Frost*, 135 S. Ct. 429, 431 (2014) (*per curiam*) ("As we have repeatedly emphasized, [] circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court.'").

"[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). Section 2254 (d)(2) requires that this Court accord the state trial court substantial deference. If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination. *Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015); *Burt v. Titlow*, 134 S. Ct. at 15.

## Proposed Findings of Fact

### A.     Circuit Court Proceedings

On June 28, 2010, petitioner was arrested and charged with one count of armed robbery, one count of third-degree criminal sexual conduct, and one count of unlawful

imprisonment. Petitioner also received notice that he was being charged as a habitual offender. The charges arose out of petitioner's actions on June 27, 2010. The victim of each of the crimes alleged was petitioner's estranged spouse, Monica Thomas. Petitioner was arraigned on June 29, 2010, and counsel was appointed. The docket sheet reflects petitioner's attorney's pursuit of discovery and participation in a number of pretrial hearings. It also shows that the prosecutor was in the process of seeking the court's permission to introduce evidence at trial of petitioner's prior acts of domestic violence. (ECF No. 10).

On October 11, 2010, petitioner appeared before Judge Terrence Thomas of the Oceana County Circuit Court, with counsel, for the purpose of entering his guilty plea. (Plea Transcript (PT), ECF No.13). The prosecutor placed the terms of the plea agreement on the record: "[D]efendant will plead guilty to Count II, Criminal Sexual Conduct in the third degree as a second habitual offender. Counts I and III will be dismissed. It is agreed upon that he will receive a minimum sentence of 7 years to a maximum sentence of 22 ½ years. That is what we believe to be a guideline sentence." (PT, 3). Petitioner's attorney confirmed that the prosecutor had accurately described the plea agreement. (*Id.*). Petitioner pleaded guilty to the charge of third-degree criminal sexual conduct. (PT, 4).

Petitioner indicated that he understood that a third degree criminal sexual conduct was "non-probationable" and if he was already on parole or probation, he could face additional penalties for that violation. He expressed his understanding that because he was pleading guilty to being a second felony offender, the maximum penalty

that he faced on the third-degree criminal sexual conduct conviction would be 22 ½ years. (PT, 4-5). Petitioner stated that he understood that by pleading guilty that he was giving up his right to a trial. He expressed understanding that he was giving up his rights to be presumed innocent and to have the prosecutor prove his guilt beyond a reasonable doubt. He stated that he understood that he was giving up his right to confront and question the witnesses against him and to have the court subpoena witnesses in support of his defense. Petitioner indicated that he understood that he was giving up his right to remain silent and that he was giving up his right to have the court conduct a hearing to determine whether any statements that he made to the police were voluntary or not. He indicated that he understood that he was waiving whatever defenses he may have had to the charges against him. (PT, 5-6). Petitioner stated that he understood that under the plea agreement he was pleading guilty to one charge in exchange for the dismissal of the other two charges and a sentence of 7 to 22 ½ years. (PT, 6-7). Petitioner confirmed that he was pleading guilty freely, voluntarily and of his own choice. He was not pleading guilty as a result of threats or any promised other than those indicated in the plea agreement. (PT, 7).

Petitioner was placed under oath. He testified that he had been separated from and was living apart from his wife, Monica Thomas. He stated that he called her on the telephone and she allowed him to come over. While he was at his wife's residence, he had overpowered her and sexually penetrated her against her will. (PT, 7-8).

Judge Thomas, the prosecutor, and petitioner's attorney stated on the record that they were satisfied that the Michigan court rule regarding guilty pleas had been

complied with and that petitioner was competent to make his guilty plea. The court accepted petitioner's guilty plea and set the matter for sentencing. (PT, 8-9).

On November 8, 2010, Judge Thomas conducted a sentencing hearing. (Sentencing Transcript (ST), ECF No. 14). When asked if he had anything he wanted to say in his own behalf, petitioner responded: "I'm extremely sorry for what I did to my wife. I feel terrible about it; and I would like to accept all responsibility for what I did." (ST, 4). Judge Thomas sentenced petitioner in accordance with the plea agreement. (ST, 4; Judgment of Sentence Commitment to Department of Corrections, found in Michigan Supreme Court Record, ECF No. 16). Petitioner did not file applications in Michigan's appellate courts seeking leave to appeal his conviction and sentence.

On October 7, 2011, petitioner filed a motion in Oceana County Circuit Court seeking post-conviction relief under Michigan Court Rule 6.500 *et seq.* He argued that he was entitled to relief on four grounds: (1) his constitutional and statutory rights were violated by the trial court's failure to conduct a competency hearing, (2) his plea was not made knowingly or voluntarily where the court violated MCR 6.302(A)-(E) by not placing petitioner under oath before making a determination whether he understood his rights and had voluntarily waived them, (3) that the plea should be set aside because the trial court did not elicit a substantial factual basis, and (4) that petitioner had been deprived of his constitutional right to the effective assistance of counsel where counsel failed to request a competency hearing and where counsel misrepresented significant DNA evidence to petitioner. (Motion for Relief From

Judgment and Brief, ECF No. 17). Petitioner offered a number of exhibits in support of this motion: an affidavit signed by his mother, his own affidavit, a presentence investigation report, a new conviction update report, emergency room records, Oceana County jail records, a laboratory report, and selected pages of the police reports regarding the events of June 27, 2010.

Petitioner's brief focused on the portions of the exhibits which mentioned his history of mental health treatment, a suicide attempt that he made while being held in custody, a test result which excluded petitioner as a source of the DNA sample obtained from the victim's panties, purported legal advice related to the test result, and counsel's failure to request a competency examination. Petitioner's motion for post-conviction relief and the accompanying brief essentially ignored the victim's version of events that supported the offenses charged; petitioner's prior acts of domestic violence; the incriminating statement that petitioner gave to the police after he had received *Miranda* warnings; the testimony from other witnesses that would support the armed robbery and unlawful imprisonment charges; the evidence of petitioner's ongoing substance abuse; and the absence of any opinion from any treating mental health care provider suggesting that petitioner lacked the competence to enter a guilty plea. In addition, petitioner's motion and brief ignored every aspect of the plea agreement that had been favorable to petitioner, the most glaring omission being his failure to mention that by pleading guilty he was able to avoid the life sentence that would have likely accompanied an armed robbery conviction. Finally, petitioner ignored the presiding judge's firsthand opportunity to evaluate the performance of counsel and petitioner's

competency before making a finding that petitioner made a knowing and voluntary guilty plea. On October 10, 2011, Judge Thomas denied petitioner's motion for post-conviction relief because he found that all grounds that petitioner had raised in his motion lacked merit. (10/10/11 Order, ECF No. 18).

## B. Appellate Proceedings

Petitioner sought leave to appeal to the Michigan Court of Appeals. Petitioner was represented by Appellate Counsel. Petitioner sought relief on the same four grounds that he had been rejected by the trial court for lack of merit.[1] (Statement of Questions Presented, Defendant-Appellant's Brief at vi, found in Michigan Court of Appeals record, ECF No. 15). On December 16, 2011, the Michigan Court of Appeals denied petitioner's application for leave to appeal "pursuant to MCR 6.508(D)(1)." (12/16/11 Order, ECF No. 15).

Petitioner sought leave to appeal to the Michigan Supreme Court on the same grounds. (Statement of Questions Presented, Defendant-Appellant's Brief at vi, found in the Michigan Supreme Court record, ECF No. 16). On July 24, 2012, the Michigan Supreme Court denied petitioner's application for leave to appeal because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (7/24/12 Order, ECF No. 16).

---

[1]Petitioner also argued in Michigan's appellate courts that the good cause requirement of MCR 6.508(D) should be waived because there was a substantial probability that petitioner was actually innocent.

On August 3, 2012, petitioner filed his federal habeas corpus petition in this Court.[2] (ECF No. 1).

## Discussion

### I.    Due Process

In Ground I, petitioner claims that the trial court violated his due process by failing to order a competency evaluation. (Petition, ECF No. 1, PageID.6). The trial court rejected this claim for lack of merit and its finding is entitled to deference under AEDPA. 28 U.S.C. § 2254(d). A state-court determination of competence is a factual finding, to which deference must be paid." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995)). Regardless of whether a federal habeas court would reach a different conclusion regarding a habeas petitioner's competence to stand trial were it reviewing the case de novo, the findings of the state court must be upheld unless there is clear and convincing evidence to the contrary. *See Black v. Bell*, 664 F.3d 81, 102 (6th Cir. 2011) (internal citations and quotation marks omitted); *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006).

In *Pate v. Robinson*, 383 U.S. 375 (1966), the Supreme Court announced a procedural due-process right to a competency hearing whenever the facts or events presented to the trial court raise a *bona fide* doubt as to the defendant's competency. *See Drope v. Missouri*, 420 U.S. 162, 180 (1975). In recognizing this right, the Supreme

---

[2]Although the petition was actually filed on August 7, 2012, petitioner is entitled to the benefit of the earlier filing date under the "mailbox rule." Petitioner signed his petition and deposited it in the prison's mailing system on August 3, 2012. (ECF No. 1 at PageID.14).

Court did not prescribe any general standards for determining whether the trial court should order a competency examination *sua sponte*. Instead, the Supreme Court directed trial courts to consider "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence," all of which are relevant to the inquiry. *Drope v Missouri*, 420 U.S. at 180; *accord Eley v. Bagley*, 604 F.3d 958, 965-67 (6th Cir. 2010).

The standard for competence to enter a guilty plea is the same as the standard to stand trial: "whether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as a factual understanding of the proceeding.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402 (1960)). Here, the plea transcript indicates that petitioner understood the nature and object of the proceedings against him. He demonstrated the ability to assist rationally in his own defense. There was no confused or irrational behavior. The prosecutor and petitioner's Trial Attorney stated on the record that they were satisfied that petitioner was competent to make his guilty plea. (PT, 8-9). Judge Thomas found that petitioner was competent and accepted petitioner's guilty plea because it was knowing and voluntary. (PT, 9). Judge Thomas determined that the evidence that petitioner subsequently filed in support of his motion for post-conviction relief did not undermine his earlier factual finding that petitioner was competent. He denied petitioner's motion for lack of merit.

Ground I of petitioner's habeas corpus petition is based on the identical evidence that Judge Thomas found unpersuasive when he denied petitioner's motion for post-

conviction relief.[3]  (*see* Motion for Relief From Judgment Attachments A-F, ECF No. 17).  Judge Thomas would have seen the presentence report before he sentenced petitioner.  It described petitioner's ongoing substance abuse problems.  Petitioner had received prescription medication for mental health problems, but nothing from his treating physicians (Dr. Vasquez and Dr. Flockmyer) indicated concerns regarding petitioner's competency.

The other evidence, such as police reports and medical records, Judge Thomas probably did not see until petitioner filed his motion for relief from judgment.  These documents were not supportive of petitioner's belated claim that he had lacked competence to enter his guilty plea.  For example, Monica Thomas indicated that although petitioner had suicidal tendencies, most of the time he was "just bluffing."  She described petitioner as a "chronic liar."  Petitioner apparently made one suicide attempt during the months he was held in jail awaiting trial in this matter.  He cut his left forearm on July 24, 2010, and was transported to Lakeshore Community Hospital for treatment of this wound and he received some counseling from a social worker.  Petitioner was not admitted as a patient.  Lakeshore records indicate that petitioner's

_____

[3]This Court's review is limited to the record that was before the state court that adjudicated petitioner's claims on the merits.  *See Cullen v. Pinholster*, 563 U.S. 170, 180-85 (2011).  Petitioner omitted from the attachments to his habeas corpus petition two presentence investigation report pages containing the "Agent's Description of the Offense" which he had filed in support of his motion for post-conviction relief.  (*See* ECF 17, Attachments A(3) and A(7)).  The additional materials that petitioner labeled as Attachments G, H, I, J, (PageID.47-52) cannot be considered to the extent that they are offered by petitioner as evidence.  They are considered herein as summaries of other attachments and argument.

-14-

total time at the hospital was less than two hours. There is no evidence of any similar incidents during the months before petitioner entered his guilty plea. Although witness statements reflected in the police reports supply some insight as to the evidence the prosecution could have presented if petitioner had chosen to proceeded to trial on all three charges, and they describe petitioner's substance abuse problems, they do not advance his claim that he lacked competency to enter his guilty plea.

Petitioner has not shown that Judge Thomas was presented with evidence raising a *bona fide* doubt as to petitioner's competency or that he was "clearly wrong" in finding that petitioner was competent to enter his guilty plea. *See Franklin v. Bradshaw*, 695 F.3d at 449. Petitioner has not demonstrated that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## II.     Guilty Plea

In Ground II, petitioner claims that his guilty plea was not knowing and voluntary because the trial court judge violated MCR 6.302(A)-(E) which requires that the defendant be placed under oath before the court determines that the defendant understood his right and voluntarily waived them.  (Petition, ECF No. 1, PageID.7). Petitioner's claim that the trial court judge failed to comply with provisions of Michigan Court Rule 6.302 is non-cognizable on federal habeas review.  *See e.g.*, *Watkins v. Lafler*, 517 F. App'x. 488, 500 (6th Cir. 2013); *Plumaj v. Booker*, 33 F. Supp.3d 897, 913 (E.D. Mich. 2014).  The extraordinary remedy of habeas corpus lies only for a violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Judge Thomas had the opportunity to hear petitioner's testimony and view petitioner's demeanor throughout the plea hearing.  He found that petitioner's guilty plea was knowing and voluntary.  These findings are entitled to deference under AEDPA.  28 U.S.C. § 2254(d).  The test for determining the validity of a guilty plea is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  A habeas court is restricted to these federal principles and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas.  *See Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991).  The state court findings that petitioner's guilty plea was

knowing and voluntary easily pass review under deferential AEDPA standards. 28 U.S.C. § 2254(d).

In Ground III, petitioner argues that his plea should be set aside because the trial court judge failed to elicit an adequate factual basis for his guilty plea. This claim falters on the first step of analysis under AEDPA -- it is not founded on clearly established holdings of the Supreme Court. The Supreme Court has never held that the federal Constitution requires that the state court establish a factual basis for a guilty plea before accepting it. There is no federal constitutional requirement that a court establish an adequate factual basis for a guilty plea. *North Carolina v. Alford*, 400 U.S. at 37-38; *Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Indeed, "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. at 37. As noted by the Supreme Court, a "defendant's decision to plead guilty may have any number" of motivations that are not related to guilt or evidence thereof, including "a prospect of a favorable plea agreement, or the expectation or hope of a lesser sentence" than might be imposed after an unsuccessful trial. *Haring v. Prosise*, 462 U.S. 306, 318 (1983). As long as the plea is voluntary and intelligent, the federal Constitution is satisfied. *See Alford*, 400 U.S. at 37-38. The requirement that a factual basis be established for a plea is a creature of state law, not the federal Constitution. *Roddy v. Black*, 516 F.2d

1380, 1385 (6th Cir. 1975). I find no basis for disturbing petitioner's plea-based conviction.

## III. Ineffective Assistance of Counsel

Ground IV is petitioner's argument that his Sixth Amendment right to the effective assistance of counsel was violated where his attorney failed to request a competency hearing and counsel misrepresented significant DNA evidence. (Petition, ECF No. 1, PageID.7). Judge Thomas rejected these claims for lack of merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). On the prejudice prong, the court focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "[T]he defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Because the state court decided petitioner's claims of ineffective assistance of counsel on their merits, the decisions must be afforded deference under AEDPA. *See Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013); *Harrington v. Richter*, 562 U.S. at 98-102. To receive habeas relief, petitioner must demonstrate that the state courts' decisions were contrary to, or represented an unreasonable application of, *Strickland v. Washington*. *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Hence, it is not enough to convince the federal habeas court that, in its independent judgment, the state-court decisions applied *Strickland* incorrectly. Rather, petitioner must show that the state courts "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell*, 535 U.S. at 699; *see Campbell v. Bradshaw*, 674 F.3d 578, 586-87 (6th Cir. 2012). This creates a "high burden" for petitioner. *See Carter v. Mitchell*, 443 F.3d 517, 525 (6th Cir. 2006); *see also Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013). "[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Supreme Court decisions describe this as "the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard." *Knowles*, 556 U.S. at 123; *see Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (*per curiam*). The question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Premo v. Moore*, 562 U.S. 115, 123 (2011); *see McGowan v. Burt*, 788 F.3d 510, 515 (6th Cir. 2015).

Petitioner was charged with one count of armed robbery, one count of third-degree criminal sexual conduct, and one count of unlawful imprisonment. Petitioner received notice that he was being charged as a habitual offender. (ECF No. 10). The victim in relation to each charge was petitioner's estranged spouse, Monica Thomas. Ms. Thomas described how in the early morning hours of June 27, 2010, petitioner had gained access to her residence, began to choke and punch her, pulled off her panties, and penetrated her anally and vaginally. She reported that afterwards, petitioner went into the kitchen, grabbed a knife, and compelled her at knife point to accompany him to an ATM machine where petitioner forced her to withdraw $100 and provide him with her PIN number. The circuit court docket sheet reveals that the prosecutor had filed a motion in limine asking the trial court to allow evidence of petitioner's prior acts of domestic violence to be admitted at trial. (ECF No. 10). It also indicates that petitioner's attorney was active in his pre-trial preparations. He filed motions for discovery and participated in various hearings. The armed robbery charge against petitioner, even without a habitual offender enhancement, was "punishable by imprisonment for life or for any term of years." MICH. COMP. LAWS § 750.229.

Petitioner's trial was scheduled for October 14 and 15, 2010. On Monday, October 11, 2010, he appeared in court and entered his guilty plea. Petitioner's attorney had been able to negotiate a plea that allowed petitioner to avoid the potential penalty of life imprisonment or an extremely lengthy term of years which could have accompanied an armed robbery conviction. Under the plea agreement, petitioner agreed to plead guilty to Count II, Criminal Sexual Conduct in the third degree as a

second habitual offender.  Counts I and III would be dismissed.  And it was further agreed that petitioner would receive a minimum sentence of 7 years to a maximum sentence of 22 ½ years.  (PT, 3-4).

Petitioner argues that his counsel's conduct in failing to request a competency hearing fell below an objective standard of reasonableness.  Petitioner has not shown that counsel's performance in this regard was deficient, much less that the state court decision regarding counsel's performance under *Strickland* was objectively unreasonable.  Similarly, the trial court judge considered the evidence petitioner presented concerning counsel's purportedly bad advice regarding DNA evidence, and apparently determined that the affidavits from petitioner and his mother were not persuasive.  Suffice it to say that if the objective DNA evidence on Ms. Thomas's panties had matched petitioner's, the charge against petitioner would have been for first-degree criminal sexual conduct rather than third-degree criminal sexual conduct. Petitioner faced three felony charges, one of which carried the very real potential of a sentence of life imprisonment.  Petitioner has not shown that his counsel's conduct fell below an objective standard of reasonableness and he has not carried his burden under the doubly deferential standard of review that this Court must apply to the state court's decision.

Moreover, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial.  *Premo*, 562 U.S. 128-29

(citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). A statement to that effect is notably absent from the affidavit that petitioner signed under penalty of perjury and attached to his motion for post-conviction relief. (*See* Motion for Relief From Judgment, Attachment E, ECF No. 17). Petitioner simply argued in his brief that he would not have submitted a plea of guilty if counsel had requested a competency examination because he believes it would have provided him with a valid and complete defense to the charges. He states that if he had understood the DNA evidence, it would have undercut Ms. Thompson's credibility. (Brief in Support of Motion for Relief from Judgment at 14, 16, ECF No. 17).

The test of whether a defendant would have not pleaded guilty if he had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the Court that a decision to reject the plea bargain would have been rational under the circumstances.' " *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). Petitioner has not come close to satisfying this standard.

An objective review of the evidence indicates that if counsel had requested and received a competency hearing, he would have been found competent to stand trial. On an objective view of the evidence, petitioner would likely have been convicted on all three charges and found himself sentenced to life imprisonment on the armed robbery conviction. The prosecution had a digital recording of the statement that petitioner gave to the police after receiving his *Miranda* warnings. Petitioner admitted bing present at Ms. Thomas's home around 6 a.m. on the morning in question. He told the

-22-

police that he was dropping off a television at that unusual hour because Ms. Thomas purportedly purchased it from him.  Petitioner described the clothing Ms. Thomas had been wearing that morning -- a dress that Ms. Thomas reportedly wore to a wedding reception the night before and that she was still wearing because she had fallen asleep without changing.

Although the DNA evidence found on Ms. Thomas's panties was favorable to petitioner, it was not particularly compelling.  A jury could readily accept the credibility of Ms. Thomas's testimony regarding the third degree criminal sexual conduct and the other crimes charged.  The judge could have granted the prosecutor's motion and permitted into evidence other instances where petitioner had beaten and sexually assaulted Ms. Thomas.  The victim's testimony would have been supported by other witnesses.  For example, Ryan Lorenzen encountered petitioner escorting Monica Thomas into the Shelby State Bank in Hesperia in the early morning hours and petitioner advised Lorenzen not to ask any questions.  Other witness testimony would have tended to undermine the version of events that petitioner gave to the police which involved an alleged sale of a televison.  Petitioner apparently advised Kristen Lattin that he had lots of money because Ms. Thomas gave it to him.  Rejecting the favorable plea bargain that his attorney had negotiated with the prosecutor would have been utterly irrational.

Petitioner was able to avoid an armed robbery conviction and potential life sentence by agreeing to plead guilty to a lesser charge, and he did so with the knowledge that he would receive a minimum sentence of 7 years, with a maximum

sentence of 22 ½ years.  I find that petitioner has not overcome the doubly deferential standard of review applicable to the state court decision rejecting his claims of ineffective assistance of counsel.

### IV.    Certificate of Appealability

I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*   Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Petitioner cannot demonstrate that reasonable jurists would find that the denial of habeas corpus relief on each of the grounds raised in his petition is debatable or wrong.  *See Slack*, 529 U.S. at 484.  I recommend that the Court deny petitioner a certificate of appealability.

### Recommended Disposition

For the foregoing reasons, I recommend that the petition be denied. I recommend that petitioner be denied a certificate of appealability.

Dated: July 25, 2016                    /s/ Phillip J. Green
                                        United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).